UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAL ALI BILAL,

    Plaintiff,

v.                          Case No: 2:14-cv-129-FtM-29DNF

FNU JARVIS, C.O., FNU GARZA,
C.O., GEO CARE, LLC, FNU
JAYNES, MS. WARD, and GLOBAL
EXPERTS IN OUTSOURCING,

    Defendants.

_____

**ORDER**

    Plaintiff Jamal Ali Bilal ("Plaintiff"), a civil detainee at the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida,[1]

---

[1] The Florida legislature enacted the Sexually Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps. First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that

initiated this action by filing a complaint and a motion for leave to proceed *in forma pauperis* (Doc. 1; Doc. 2). In the complaint, Plaintiff raises Eighth, Fourteenth, and First Amendment claims arising from his transport from the FCCC to his civil commitment trial in Pensacola, Florida in September of 2013. Plaintiff has also filed a motion to dismiss a civil filing injunction originally imposed upon him by the Northern District of Florida and recognized by this Court (Doc. 3).[2]

Plaintiff initially raised these claims in Case No. 2:14-cv-56-38CM, but the Court dismissed the action without prejudice because of Plaintiff's failure to attach a copy of an injunction from the United States District Court, Northern District of Florida, restricting Plaintiff from proceeding *in forma pauperis* in civil actions absent a determination by the Court that "Plaintiff has credibly alleged that he is in imminent danger of

---

the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines the existence of probable cause that the individual is a sexually violent predator, then he or she will order the individual to remain in custody. Id. at § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds the individual to be a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. at § 394.917.

[2] The injunction at issue was originally filed in N.D. Fla. Case No. 3.99-cv-456-LAC-SMN.

serious physical harm." ("Filing Injunction")(Case No. 2:14-cv-56-38CM at Doc. 6). Subsequent to the dismissal, Plaintiff re-filed the instant action along with a copy of the Filing Injunction (Doc. 1).

### 1. *Plaintiff has not credibly alleged imminent danger so as to allow him to proceed without payment of a filing fee*

The Court takes judicial notice of the Filing Injunction filed in the Northern District of Florida and concludes that Plaintiff cannot proceed in the instant action without payment of the appropriate filing fee.[3] The instant complaint alleges a litany of constitutional violations stemming from Plaintiff's transport by van from the FCCC in Arcadia, Florida, to Plaintiff's civil commitment trial in Pensacola in September of 2013 (Doc. 1).

Plaintiff alleges that the manacles used to restrain him during transport rubbed on his skin; that the bag lunch provided to him during the transport did not provide him with sufficient calories and caused him botulism; that he was not allowed sufficient bathroom breaks during the transport; that one of the transporting officers was downloading hundreds of pictures of child pornography during the transport; and that his equal protection rights were violated by the transport because federal

---

[3] When the injunction was initially entered by the Northern District in 1999, the filing fee was $150.00. Subsequently, the fee has been raised to $400.00.

prisoners are transported by airplane instead of transport van (Doc. 1). Incredibly, Plaintiff also asserts that the inhumane treatment he received <u>during</u> the transport resulted from complaints he made <u>after</u> the transport (Doc. 1 at 4-10).

Plaintiff appears to allege that he is in imminent danger because, if it becomes necessary to transport him to Pensacola in the future, he would be subject to the same conditions. Based upon a review of Plaintiff's complaint, the Court finds that this assertion is speculative and does not adequately state that Plaintiff is in "imminent" danger. The Court concludes that Plaintiff's allegations do not rise to the level of imminent danger or serious physical harm. Therefore, Plaintiff will not be allowed to proceed *in forma pauperis*.

> **2. The Northern District of Florida's filing injunction reasonably restricts Plaintiff's in forma pauperis filings**

In his motion to dismiss the Northern District of Florida's Filing Injunction, Plaintiff argues that this Court's wholesale adoption of the Filing Injunction was based upon a "misapprehension" of the facts (Doc. 3 at 3). Specifically, Petitioner argues that "at the time the Northern District of Florida [injunction] was issued, it was aimed at preventing Plaintiff's prolific litigation as a ***prisoner***, not as a citizen." <u>Id.</u> (emphasis in original). Plaintiff is mistaken. In the order on the Filing Injunction, the Northern District expressly

recognized that Plaintiff was "no longer a prisoner, but rather a civil detainee[.]" (N.D. Fla. Case No. 3.99-cv-456-LC-SMN). Indeed, had Plaintiff been a prisoner, 28 U.S.C. § 1915(g) would have precluded him from filing civil cases *in forma pauperis* absent a showing of imminent danger, and a civil filing injunction would have been unnecessary. The Northern District also noted that, at the time of the injunction, Plaintiff had filed fifty-three civil rights cases in the Northern District, thirty of which had been dismissed as frivolous or malicious. Id. at 2.

In its order on the injunction, the Northern District recognized that the Eleventh Circuit has established that district courts have considerable discretion in restricting an abusive litigant's access to the federal judiciary (N.D. Fla. Case No. 3.99-cv-456-LC-SMN at Doc. 3). Noting that "'a court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others' while assuring their access to the court is not completely foreclosed[,]" the Northern District determined that Plaintiff would no longer be granted leave to proceed *in forma pauperis* unless it was determined that he credibly alleged he was in imminent danger of serious physical injury. Id. at 6 (citing Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986)). This Court adopted the Northern District's order in Case No. 2:02-cv-421-JES-SPC.

Petitioner argues that no restrictions should be imposed as a result of his frivolous filings because not *all* of his filings have been frivolous (Doc. 3 at 2). He notes that he has been successful in assisting his attorneys in reversing several criminal convictions (Doc. 3 at 2). He also asserts that he has "brainstormed" with other individuals to successfully file suits in the federal courts. Id. Petitioner's scattered successes in the criminal arena do not excuse the dozens of frivolous and malicious lawsuits he has filed in federal court.[4] The Eleventh Circuit has recently recognized that frivolous and vexations lawsuits threaten the availability of a well-functioning judiciary to all litigants and that imposition of a filing fee acts to temper the damage caused by abusive litigants:

> As the Supreme Court has noted, filing fees in theory discourage frivolous law suits and thus help allocate judicial resources to more meritorious cases. See In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103 L.Ed.2d 158 (1989). "But paupers filing *pro se* are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous

---

[4] In 1999, the Northern District noted that Plaintiff had filed fifty-three cases in the Northern District; thirty of which had been dismissed as frivolous or malicious, five for failure to state a claim, two on summary judgment, one as moot, eight for failure to prosecute, and four were voluntarily dismissed. The Northern District also noted that Plaintiff had, at that time, filed twelve additional cases in the Middle District of Florida (Case No. 3.99-cv-456-LC-SMN). A review of Pacer.gov indicates that Plaintiff has filed at least 31 additional civil lawsuits in the Middle District of Florida and 17 additional civil lawsuits in the Northern District of Florida since the injunction was filed.

> petitions." Id.; see also In re Sindram, 498 U.S. 177, 179, 111 S. Ct. 596, 598, 112 L.Ed.2d 599 (1991) (directing the clerk of the Court not to accept further IFP extraordinary writ petitions from the petitioner). Absent monetary cost as a constraint, the sheer volume of frivolous IFP suits threatens to undermine the availability of the federal courts to the public. To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants. Reimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam) (quoting In re: Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir.1984)).

Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008). The Court has reviewed the Filing Injunction and concludes that it reasonably constrains Plaintiff to meritorious claims without completely blocking his access to the courts. Accordingly, Plaintiff's motion to dismiss the Filing Injunction (Doc. 3) is denied.

ACCORDINGLY, it is hereby **ORDERED:**

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

2.  Plaintiff shall submit the $400 filing fee on or before **March 31, 2014** if he wishes to proceed in this action. If Plaintiff wishes to deem his compliance with this Order timely filed as of the date he delivers the filing fee to officials at

the FCCC, the FCCC must affix a date stamp certifying the date the filing fee was delivered for mailing or alternatively, Plaintiff shall have an official at the FCCC certify the date the filing fee was handed to officials for mailing. ***Without a certified date stamp, the Court will not deem the filing fee paid until received by the Clerk of the Court.***

3. Plaintiff's failure to submit the $400.00 filing fee on or before March 31, 2014 will result in the dismissal of this action without prejudice.

4. Plaintiff's motion to dismiss the Filing Injunction as overbroad (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this   11th   day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 3/11/14
Copies: Jamal Ali Bilal